FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 23, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HAILEY BURNWORTH and SAMUEL BURNWORTH, individually and on behalf of their minor children C.H., A.H., G.H., L.B., and E.B.,<br><br>          Plaintiffs,<br><br>    v.<br><br>BROADWAY 190, LLC, a Washington limited liability company, a/k/a BROADWAY 190 APARTMENTS; GREP WASHINGTON, LLC, a foreign Delaware limited liability company registered in Washington d/b/a GREYSTAR; SARAH SINITSA individually and as agent acting on behalf the above-named of Defendants,<br><br>          Defendants. | NO. 2:25-CV-0323-TOR<br><br>ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE |

BEFORE THE COURT is Defendants' Motion to Dismiss for Lack of

ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE ~ 1

Prosecution (ECF No. 11).  The Court has reviewed the record and files herein and is fully informed.  For the reasons discussed below, Defendants' motion is **GRANTED**.

### DISCUSSION

The Court previously issued an Order to Show Cause as to why this matter should not be dismissed due to Plaintiffs' failure to prosecute the case.  ECF No. 9. Plaintiffs failed to comply with the Court's Order.  Months have passed and Plaintiffs have taken no steps to prosecute the case.  Defendants now move to dismiss Plaintiffs' claims with prejudice pursuant to Federal Rule of Civil Procedure 41(b).  ECF No. 11 at 4-5.  Plaintiffs did not file any opposition to Defendants' motion.

Court's examine five factors in determining whether to dismiss a case with prejudice for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010).  The first two factors always weigh in favor of dismissal. *Moss v. The City of Los Angeles*, 663 F. App'x 529, 530 (9th Cir. 2016). The third factor also weighs in favor of dismissal as Defendants "are held hostage to Plaintiff's inactivity and failure to comply with basic rules and orders from the

Court." ECF No. 11 at 8.  Finally, the Court concludes the fifth factor also weighs in favor of dismissal with prejudice as Plaintiffs were previously warned that their failure to show cause may result in dismissal, yet Plaintiffs did not comply with the Court's Order and have taken no other action in the case nor have communicated with the Court in the nine months since.  Therefore, the Court concludes that a dismissal with prejudice is warranted here.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

    1. Defendants' Motion to Dismiss for Lack of Prosecution (ECF No. 11) is **GRANTED**.

    2. This action is **DISMISSED WITH PREJUDICE**.

The District Court Executive is directed to enter this Order, furnish copies to counsel, and close the file.

DATED July 23, 2026.



THOMAS O. RICE
United States District Judge

ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE ~ 3